THE ATTORNEY GENERAL HAS RECEIVED YOUR LETTER REQUESTING AN ATTORNEY GENERAL'S OPINION REGARDING THE APPLICATION OF THE OKLAHOMA OPEN RECORDS' ACT. SPECIFICALLY, YOU WANT TO KNOW WHO BEARS THE BURDEN OF PROOF IN DETERMINING WHETHER IT IS APPROPRIATE TO CHARGE A SEARCH FEE AND UNDER WHAT CIRCUMSTANCES CAN A PUBLIC AGENCY WITHHOLD A JOB APPLICATION OR RESUME OF A PERSON WHO BECOMES A PUBLIC OFFICIAL.
IN ORDER TO EXPEDITE YOUR REQUEST AND BECAUSE THE STATUTE SPEAKS DIRECTLY TO YOUR QUESTIONS, AN OFFICIAL OPINION WILL NOT BE ISSUED BY THIS OFFICE INSTEAD, YOUR REQUEST WILL BE ADDRESSED BY THE UNDERSIGNED ATTORNEY.
51 O.S. 24A.2 OF THE OPEN RECORDS' ACT PROVIDES:
 "EXCEPT WHERE SPECIFIC STATE OR FEDERAL STATUTES CREATE A CONFIDENTIAL PRIVILEGE, PERSONS WHO SUBMIT INFORMATION TO PUBLIC BODIES HAVE NO RIGHT TO KEEP THIS INFORMATION FROM PUBLIC ACCESS NOR REASONABLE EXPECTATION THAT THIS INFORMATION WILL BE KEPT FROM PUBLIC ACCESS; PROVIDED, THE PERSON. AGENCY OR POLITICAL SUBDIVISION SHALL AT ALL TIMES BEAR THE BURDEN OF ESTABLISHING SUCH RECORDS ARE PROTECTED BY SUCH A CONFIDENTIAL PRIVILEGE. (EMPHASIS ADDED)."
ALTHOUGH THIS SECTION DOES NOT DIRECTLY DISCUSS THE MATTER OF SEARCH FEES, BECAUSE SEARCH FEES CAN INHIBIT THE DISCLOSURE OF INFORMATION, THE LEGISLATURE'S ESTABLISHMENT OF BURDEN IN THE INITIAL PARAGRAPH OF THE ACT IS INSTRUCTIVE. AS A PRACTICAL MATTER, THE PUBLIC BODY IS IN THE BEST POSITION TO DETERMINE WHETHER A SEARCH FEE CAN AND SHOULD BE CHARGED. FOR INSTANCE, ONLY THE PUBLIC BODY KNOWS IF THE RETRIEVAL OF THE RECORD "CLEARLY WOULD CAUSE AN EXCESSIVE DISRUPTION OF THE PUBLIC BODY'S ESSENTIAL FUNCTIONS". SECTION 24A.5.3(A)/51 O.S. 24A.5(B). THE PUBLIC BODY WILL BE ABLE TO ASSESS HOW LONG IT WILL TAKE TO SEARCH AND RETRIEVE THE DOCUMENT AND, IF COPYING IS REQUIRED, IF MAKING SUCH COPIES WILL BE A TIME CONSUMING PROCESS AND CAUSE AN "EXCESSIVE DISRUPTION ".
IN THESE CASES IT IS IMPORTANT FOR THE PUBLIC BODY TO KNOW WHO IS REQUESTING THE RECORDS AND FOR WHAT PURPOSE. IF THE REQUEST IS MADE BY A MEMBER OF THE NEWS MEDIA OR IS MADE BY A SCHOLAR, AUTHOR OR TAX PAYER SEEKING "TO DETERMINE WHETHER THOSE ENTRUSTED WITH THE AFFAIRS OF GOVERNMENT ARE HONESTLY, FAITHFULLY, AND COMPETENTLY PERFORMING THEIR DUTIES AS PUBLIC SERVANTS", THE PUBLIC BODY MAY NOT CHARGE A SEARCH FEE NO MATTER HOW EXCESSIVE THE DISRUPTION. 51 O.S. 24A.5.3(A) AND B. IF, HOWEVER, THE RECORD REQUEST IS SOLELY FOR COMMERCIAL PURPOSES, THE PUBLIC BODY HAS THE STATUTORY AUTHORITY TO CHARGE A REASONABLE SEARCH FEE TO RECOVER THE DIRECT COSTS OF THE DOCUMENT SEARCH.
BECAUSE A SEARCH FEE IS A BURDEN ON ACCESS TO PUBLIC RECORDS, THE BURDEN OF PROVING THE REQUEST FITS INTO THE APPROPRIATE CATEGORIES OUTLINED IN 51 O.S. 24A.5(3) REMAINS WITH THE PUBLIC BODY. ALTERNATIVELY, IF THE DECISION OF THE PUBLIC BODY IS QUESTIONED BY THE REQUESTOR, THE ACT PERMITS A CITIZEN TO BRING A CIVIL ACTION WHEREIN A COURT MAY DETERMINE WHETHER OR NOT THE SEARCH FEE WAS PERMITTED UNDER THE LAW.
TURNING NEXT TO YOUR SECOND QUESTION OF WHETHER A JOB APPLICATION OR RESUME OF A PUBLIC EMPLOYEE MAY BE WITHHELD FROM DISCLOSURE. SECTION AT 51 O.S. 24A.7(B) CLEARLY PROVIDES THAT
"ALL PERSONNEL RECORDS NOT SPECIFICALLY FALLING WITHIN THE EXCEPTIONS PROVIDED IN SUBSECTION A OF THIS SECTION SHALL BE AVAILABLE FOR PUBLIC INSPECTION AND COPYING INCLUDING, BUT NOT LIMITED TO, RECORDS OF: 1. AN EMPLOYMENT APPLICATION OF A PERSON WHO BECOMES A PUBLIC OFFICIAL;"
THE ACT FURTHER DEFINES A PUBLIC OFFICIAL AS ANY OFFICIAL OR EMPLOYEE OF ANY PUBLIC BODY. EMPLOYMENT APPLICATIONS OF A PERSON NOT HIRED BY A PUBLIC BODY MAY BE KEPT CONFIDENTIAL.
(RACHEL LAWRENCE-MOR)